# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CYNTHIA GAY,**

    **Plaintiff,**

v.                                                    Case No.  8:06-cv-2382-T-30MSS

**CLARENCE FLUELLEN, JR. and**
**LIBRA TRANSPORT INC., LLC.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand and Memorandum of Law in Support of Motion for Remand (Dkt. #14), and Defendants' Opposition to Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Dkt. #15).  The Court, having reviewed the motion, response, memoranda, complaint, notice of removal, consent to removal filed by Defendant Clarence Fluellen, Jr., and being otherwise advised in the premises, finds that Plaintiff's motion should be granted.

**Procedural Background**

On November 6, 2006, Plaintiff, Cynthia Gay ("Plaintiff"), filed her Complaint against Defendants, Clarence Fluellen, Jr. ("Fluellen") and Libra Transport Inc., LLC. ("Libra"), in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough, County, Florida, Case No. 06-CA-10221.  The Complaint alleges claims based on auto negligence and vicarious liability seeking damages in excess of $15,000.  On November 13,

2006, Fluellen and Libra were served with a copy of the summons, complaint and discovery requests. On November 22, 2006, Libra filed its answer and affirmative defenses to the Complaint. On or about November 29, 2006, Libra filed and served a Request for Admissions upon Plaintiff requesting Plaintiff to admit, in pertinent part, that: "The total amount of damages you seek in this lawsuit, exclusive of interests and costs, exceeds the sum or value of $75,000."[1] On or about December 5, 2006, Plaintiff filed and served a Response to Defendant's Request for Production in which Plaintiff admitted that she seeks damages exceeding $75,000.

On December 26, 2006, Libra filed a Notice of Removal (Dkt. #1) in this Court pursuant to 28 U.S.C. §1332, §1441 and §1446. In the Notice of Removal, Libra states, in pertinent part, that: "Defendant Clarence Fluellen, Jr. is a named Defendant but has not yet been served. If service of process is properly effectuated on Fluellen, the undersigned counsel [Attorney Fraley] will represent him and will consent to removal."[2] On January 16, 2007, Attorney Fraley on behalf of Fluellen filed an Answer and Affirmative Defense and Consent to Removal (Dkt. #10). Fluellen's Answer and Affirmative Defense and Consent to Removal was the first appearance by Fluellen in this case or in the state court case.[3] Fluellen's consent to removal states: "Defendant hereby consents to the removal of this

---

[1] See Dkt. #1-3, Page 6 of 23.

[2] Attorney Fraley admits in Defendants' Opposition to Plaintiff's Motion for Remand that Fluellen was served prior to the filing of the Notice of Removal. Indeed, Fluellen was served on November 13, 2006 (43 days prior to the filing of the Notice of Removal).

[3] Fluellen's answer to the Complaint was due on or about December 4, 2006.

action from the Thirteenth Judicial District Court for the County of Hillsborough, State of Florida, Case No. 06-010221-F."[4]  On January 19, 2007, Plaintiff filed this Motion for Remand.

**Analysis**

Title 28 U.S.C. §1441 sets forth the jurisdictional basis for removal, and 28 U.S.C. §1446 sets forth the procedural requirements for removing an action to federal court.

Section 1446(a) requires all defendants in an action who may properly join in a removal petition made under §1441(a) or §1441(b) to join in or consent to the petition within the thirty (30) day period set forth in § 1446(b).  See 28 U.S.C. § 1446(a).  Section 1446(b) requires that the notice of removal must be filed within thirty (30) days of the date of service, or within thirty (30) days upon receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b); see Del Rio v. Scottsdale Ins. Co., No. 6:05-cv-1429-ORL-19-JGG, 2005 WL 3093434, *3 (M.D. Fla. 2005).[5]  This thirty day limitation also applies to a defendant who is required to join a petition for removal.  Estevez-Gonzalez v. Kraft, Inc., 606 F.Supp. 127, 130 (S.D. Fla. 1985).

---

[4] See Dkt. #10, Page 3 of 3.

[5] There are exceptions to the requirement that all defendants consent to removal: (1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c).  Bradwell v. Silk Greenhouse, Inc., 828 F.Supp. 940, 943, f.n.2 (M.D. Fla. 1993), citing Alexander By Alexander v. Goldome Credit Corp., 772 F.Supp. 1217, 1220 (M.D. Ala. 1991).

"The law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court." Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). This judicially created rule is often referred to as the unanimity requirement. Nathe v. Pottenberg, 931 F.Supp. 822, 824 (M.D. Fla. 1995). "Like all rules governing removal, the unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in context of removal jurisdiction." Russell Corp., 264 F.3d at 1044. To satisfy the unanimity requirement each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the thirty day period prescribed in §1446(b). See Nathe at 825; see also Diebel v. S.B. Trucking Co., 262 F.Supp.2d 1319, 1328 (M.D. Fla. 2003).

In this case, on or about December 6, 2006, Plaintiff filed and served a response to Libra's request for admissions admitting that the amount in controversy exceeded $75,000. On December 26, 2006, Libra filed its Notice of Removal in this Court. Within the Notice of Removal, Libra made an incorrect representation that Defendant Fluellen had not yet been served. In the alternative, within the Notice of Removal, Libra made the representation that in the event Fluellen had been served, the undersigned counsel [Attorney Fraley] would represent him and would consent to removal. On January 16, 2007, Attorney Fraley filed and served on behalf of Fluellen an Answer and Affirmative Defenses and Consent to Removal.

Plaintiff seeks to remand this case based on the following grounds: (1) Libra's notice of removal was untimely because it was not filed within thirty days of service; and (2) the

Notice of Removal was defective because co-Defendant Fluellen did not join or consent to the removal within the applicable thirty day period.

**I.      Timeliness of Notice of Removal.**

Defendants argue that the Notice of Removal was timely since it was filed within 30 days of upon receipt of a copy of Plaintiff's Response to Defendants' Request for Admissions at which time Defendants were able to ascertain that the amount in controversy exceeded $75,000.  Defendants' argument is well taken in this respect.  Although Libra and Fluellen were served with the Complaint on November 13, 2006, the allegations of the complaint alone do not indicate whether the amount in controversy would support the removal of this case from state court to federal court.  On or about December 6, 2006, Plaintiff filed and served its Response to Defendant's Request for Production.  Thus, under the facts of this case, Defendants needed to file a Notice of Removal within 30 days of December 6, 2006.  It is undisputed that Libra filed a Notice of Removal on December 26, 2006.  Clearly, Libra's Notice of Removal was timely.

**II.     Defect in Removal Notice.**

To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the thirty day period prescribed in 28 U.S.C. §1446(b).  In the notice of removal before the Court, Defendant made a statement of consent to removal once Defendant Fluellen was served.  While Attorney Fraley was not aware that Fluellen had already been served, this

consent is sufficient, particularly since Attorney Fraley agreed that he would be representing Fluellen and therefore had the authority to consent.

For the reasons stated above, the Court concludes that the removal of this action is appropriate. Accordingly, Plaintiff's motion to remand should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand and Memorandum of Law in Support of Motion for Remand (Dkt. #14) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on March 1, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-2382.mt remand 14.wpd